01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARBELLA CEJA-ZAVALA,                              )
                                                   )
            Petitioner,                            )   Case No.:  C05-355-TSZ-JPD
                                                   )
      v.                                           )
                                                   )
UNITED STATES OF AMERICA,                          )   REPORT AND RECOMMENDATION
                                                   )
            Respondent.                            )
_____           )

                    INTRODUCTION AND SUMMARY CONCLUSION

      Petitioner Marbella Ceja-Zavala is a federal prisoner currently incarcerated at the

Federal Corrections Institution in Dublin, California.  She has filed a motion under 28 U.S.C.

§ 2255 seeking to vacate, set aside, or correct her 2004 federal court sentence, which

respondent opposes.  Following a careful review of the parties' papers and the record, this

Court concludes that petitioner's § 2255 motion should be DENIED.

                                    FACTS

      On July 1, 2003, petitioner entered into a Plea Agreement with the government in

which she pleaded guilty to a single count in the indictment charging her with conspiracy to

distribute approximately eight pounds of methamphetamine.  Case No. CR03-135-TSZ, Dkt.

No. 63.  Among other things, petitioner admitted to the following facts:

            Beginning at a time unknown, but within the last five years, and
            continuing until on or about March 7, 2003, . . . [petitioner] knowingly and
            intentionally did agree to distribute methamphetamine. [Petitioner] became a

REPORT AND RECOMMENDATION
PAGE -1

01   member of the conspiracy knowing of at least one of its objects, to wit, the
02   distribution of methamphetamine, and intending to help accomplish it.

03   *Id.*

04   Petitioner's crime yielded a base offense level of thirty-four under the Federal

05   Sentencing Guidelines and carried a minimum sentence of ten years.  U.S. Sentencing

06   Guidelines Manual§ 2D1.1 ("U.S.S.G."); Dkt. No. 63.  In the Plea Agreement, the government

07   and the defendant stipulated that petitioner's total offense level should be decreased by three

08   levels, because she accepted responsibility for her offense and timely notified authorities of her

09   intention to plead guilty, and that it could be decreased by two additional levels pursuant to the

10   safety valve provision of U.S.S.G. § 5C1.2.  Dkt. No. 63.  On May 7, 2004, the court entered

11   a judgment against petitioner on one count of conspiracy to distribute methamphetamine and

12   sentenced her to incarceration for a period of eighty-seven months (or 7.25 years), three years

13   supervised release, and a $100 special penalty assessment.  Dkt. No. 163.  The court waived

14   any fine and, as to her, dismissed the remaining counts in the indictment.  *Id.*  Petitioner did not

15   file a direct appeal.

16                                    <u>CLAIMS FOR RELIEF</u>

17   On March 3, 2005, petitioner filed a timely petition under 28 U.S.C. § 2255, seeking

18   to reduce her 2004 federal court sentence.  She raises several issues, which essentially

19   constitute two claims.  First, petitioner claims that she was sentenced to a term beyond the

20   statutory maximum.  Dkt. No. 1.  She alleges that this violates the Eighth Amendment, her

21   Fifth Amendment right to due process, and her Sixth Amendment right to a jury trial under

22   *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).[1]  *Id.*  Second, petitioner claims

23   ineffective assistance of counsel.  *Id.* at 26-30.  She contends that she was not adequately

24   informed about the proceedings against her and that the facts of her case were not accurately

25   _____

26   [1] In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court specifically
applied the holding in *Blakely* to the Federal Sentencing Guidelines.  Therefore, this Report and
Recommendation will analyze petitioner's arguments under *Booker*.

REPORT AND RECOMMENDATION
PAGE -2

01  presented to the court by counsel.  *Id.*  She further asserts that she did not knowingly and

02  intelligently enter into her Plea Agreement, because she was under the duress of counsel, and

03  that she should be given the opportunity to withdraw the Plea Agreement.  *Id.*  Finally,

04  petitioner alleges that her First and Fourteenth Amendment rights were violated, because her

05  sentence was based on false information as a result of counsel's failure to raise objections to

06  claimed inaccuracies in her presentence investigation report ("PSR").[2]  *Id.* at 23.

07         In its response, the government argues that *Booker* does not apply retroactively, that

08  petitioner procedurally defaulted when she did not raise the *Booker-Blakely* issue on direct

09  appeal, and that there was no ineffective assistance of counsel.  Dkt. No. 8.

DISCUSSION

        A.      Petitioner's First Claim Fails, Because *Blakely v. Washington* and
                *United States v. Booker* Do Not Apply to Cases on Collateral Review
                and Because Her Sentence Does Not Exceed the Statutory Maximum.

13         On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely v.*

14  *Washington*.  In *Blakely*, the Supreme Court addressed a provision of the Washington

15  Sentence Reform Act that permitted a judge to impose a sentence above the statutory range

16  upon finding, by a preponderance of the evidence, that certain aggravating factors justified the

17  sentencing enhancement.  *Blakely*, 124 S. Ct. at 2535.  In that case, the trial court relied on this

18  provision to impose a sentence that exceeded the top end of the standard range by thirty-seven

19  months.  *Id*.  The Supreme Court held that this sentence violated the Sixth Amendment,

20  because the facts supporting the sentence were neither admitted by petitioner nor found by the

21  jury.  The Court explained, "the 'statutory maximum' for *Apprendi* purposes is the maximum

22  sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or*

23  *admitted by the defendant.*"  *Id*. at 2537; *see also Apprendi v. New Jersey,* 530 U.S. 466, 483

24  (2000).

26         [2] Earlier, petitioner correctly identified the Fifth Amendment as potentially applicable.
The Fourteenth Amendment is inapplicable, because state action is not involved.  U.S. Const.
amends. V, XIV § 1.  Petitioner does not assert or support a cognizable First Amendment claim.

REPORT AND RECOMMENDATION
PAGE -3

01       On January 12, 2005, the Supreme Court issued its ruling in *United States v. Booker*.

02  125 S. Ct. 738.  In *Booker*, the Supreme Court addressed *Blakely* in the context of the Federal

03  Sentencing Guidelines and concluded that the Sixth Amendment, as construed in *Blakely*,

04  applies to these guidelines as well.  *Id*. at 745.  The Supreme Court remedied the violation by

05  excising the provision of the Sentencing Reform Act that made the Federal Sentencing

06  Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus rendering them advisory.  *Id*. at 764-65.

07       In this case, petitioner claims that her sentence exceeded the maximum penalty under

08  the Federal Sentencing Guidelines and that she is therefore entitled to relief under *Booker*.  The

09  Ninth Circuit, however, recently held that *Booker* does not apply retroactively to cases on

10  collateral review.  *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) (per curiam).

11  Petitioner failed to directly appeal her sentence.  Because *Booker* does not apply retroactively,

12  petitioner cannot  use it to collaterally attack the sentence that was imposed.

13       Additionally, even if the court were able to consider the merits of petitioner's claim, the

14  claim would fail because petitioner's sentence does not exceed the statutory maximum.

15  Accordingly, the sentence does not violate her Eighth Amendment rights.[3]  Under the Federal

16  Sentencing Guidelines, the maximum penalty for petitioner's crime is "imprisonment for up to

17  life, a mandatory term of imprisonment of ten (10) years, a fine of up to four million dollars

18  ($4,000,000.00), a period of supervision following release from prison of up to five (5) years,

19  and a one hundred dollar ($100.00) penalty assessment."  U.S.S.G. § 2D1.1; Case No. CR03-

20  135-TSZ, Dkt. No. 63.  After giving credit for a timely guilty plea and application of the safety

21  valve, the sentencing range for petitioner's crime was from eighty-seven to one hundred eight

22  months.  CR03-135-TSZ, Dkt. No. 180, p. 5-6.  The court sentenced petitioner to the bottom

23  of the range.  *Id.*

24

_____

25       [3] Petitioner also claims that, because the drug amount was not specified in her

26  indictment, her Fifth Amendment rights were violated. Dkt. No. 1 at 15. This claim has no
merit, because she entered into a Plea Agreement and the judge based his sentence on the
agreed-upon facts therein.

REPORT AND RECOMMENDATION
PAGE -4

01    Petitioner's sentence of 7.25 years imprisonment, with no fine, three years of

02  supervised release, and a penalty assessment, is well below the Federal Sentencing Guideline

03  maximum.  Petitioner points to no authority that suggests a sentence at the low end of the

04  Federal Sentencing Guidelines is "cruel and unusual," in violation of the Eighth Amendment.

05  Because *Booker* does not apply retroactively to cases on collateral review, and because

06  petitioner's sentence did not exceed the statutory maximum, petitioner's first claim should be

07  dismissed.

08         B.     The Record Does Not Support Petitioner's Ineffective Assistance of
                  Counsel Claim.

09         Petitioner asserts an ineffective assistance of counsel claim in support of her § 2255

10  motion.  A claim of ineffective assistance of counsel is proper in a § 2255 motion and need not

11  be raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 508-9 (2003); *United*

12  *States v. Foreman,* 329 F.3d 1037, 1039 n.1 (9th Cir. 2003).  Petitioner's ineffective assistance

13  claim has two parts.  First, petitioner argues that she did not knowingly and intelligently enter

14  into her Plea Agreement and that counsel's performance was deficient.  Second, she argues

15  that the sentencing court considered false information rather than all relevant evidence during

16  sentencing, because counsel did not raise objections to claimed inaccuracies in her PSR.

17         The Sixth Amendment right to effective counsel is analyzed under the *Strickland* test,

18  which requires a petitioner claiming ineffective assistance to show (1) counsel's performance

19  was deficient, under an objective standard of reasonableness based upon professional norms;

20  and (2) a reasonable probability that the deficient performance prejudiced the defense.

21  *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984); *see also Earp v. Stokes,* 423 F.3d

22  1024, 1038 (9th Cir. 2005).  In the Ninth Circuit, a federal habeas petitioner who raises such a

23  claim is entitled to an evidentiary hearing "unless the motion and the files and records of the

24  case conclusively show that the petitioner is entitled to no relief."  28 U.S.C. § 2255 ¶ 2;

25  *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003).  The court may deny such

26  motion for a hearing if petitioner fails to raise a colorable claim by not alleging specific facts

REPORT AND RECOMMENDATION
PAGE -5

01 that weigh against the record.  *U.S. v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).

02                    1.    <u>The record does not support petitioner's first allegation</u>
                        <u>that she entered into her Plea Agreement under duress of</u>

03                         <u>counsel.</u>

04       A voluntary and intelligent guilty plea, *made upon the advice of competent counsel*,

05 may not be attacked on collateral review.  *Marbry v. Johnson*, 467 U.S. 504, 508 (1984)

06 (emphasis added).  Petitioner alleges that counsel was unprofessional, frightening, and used

07 fear tactics to force her into signing the Plea Agreement.  Dkt. No. 1 at 26.  She claims that,

08 although at the sentencing hearing she represented to the court that she was satisfied with

09 counsel's professionalism and representation, her lack of legal knowledge prevents her from

10 being able to say whether she was "professionally represented."  *Id.*  She further asserts that

11 she answered the court with "Yes" and "No" answers and stated facts to the court at her

12 sentencing hearing as counsel directed her to do, under duress.  *Id.*  Finally, petitioner alleges

13 counsel never showed her any documents relating to her case and never explained her

14 indictment or the PSR to her.  *Id.* at 23, 26  Respondent contends that there is ample evidence

15 of counsel's effectiveness in the record and that there is no need for an evidentiary hearing.

16 Dkt. No. 8.

17       At petitioner's guilty-plea hearing, Magistrate Judge Theiler found "that her plea was

18 made knowingly, intelligently, and voluntarily . . . [and supported by] an independent basis in

19 fact for each and every element of the offense."  Case No. CR03-135-TSZ, Dkt. No. 181 at

20 17.  The judge asked petitioner whether anyone had threatened her, made promises, or forced

21 her into signing the Plea Agreement, to which petitioner responded, "No."  *Id.* at 12.

22 Petitioner also testified under oath that she was satisfied by the representation she had

23 received from her attorney.  *Id.* at 6-7.  Magistrate Judge Theiler read aloud portions of the

24 Plea Agreement and asked petitioner questions through a Spanish interpreter.  Case No.

25 CR03-135-TSZ, Dkt. No. 181.  She repeatedly asked petitioner and her counsel simple

26 questions regarding the Plea Agreement and asked petitioner a number of times whether

01 various portions were accurate and whether petitioner wanted to enter into the Plea

02 Agreement. *Id.* She further asked petitioner whether she understood that, even though the

03 Plea Agreement recommends a sentence reduction, the sentencing judge "doesn't have to

04 accept that recommendation . . . [the district judge] would able to impose any sentence that's

05 allowable, up to the maximum." *Id.* at 12. Petitioner responded in the affirmative. *Id.* When

06 asked whether she pleaded guilty or not guilty, petitioner said, "Guilty." *Id.*

07         The foregoing discussion establishes that there is ample evidence in the record to show

08 that petitioner understood the charges against her, as well as the substance and consequences

09 of her Plea Agreement.  There is no evidence that she was unfamiliar with her Plea Agreement,

10 the indictment, or the charges against her.  Petitioner has not alleged any specific instances of

11 duress, or any other particular acts or omissions that might have prejudiced her case, as

12 required under *Strickland*.  Dkt. No. 1; *Strickland*, 466 U.S. at 690.

13         In addition, the evidence of record indicates that petitioner's counsel was effective

14 under an objective standard of reasonableness.  Her counsel was able to persuade the

15 government and the court to grant a safety-valve reduction, and she was sentenced to the

16 lowest end of the sentencing range.  CR03-135-TSZ, Dkt. No. 180, p. 5-6.  Accordingly,

17 petitioner has not raised a colorable claim of ineffective assistance of counsel and cannot

18 prevail on the claim that she did not knowingly and intelligently enter into her Plea Agreement.

19                    2.    The record does not support petitioner's second
                            allegation that counsel did not raise objections to
20                          inaccuracies in her PSR and thus prevented the
                            sentencing court from considering all relevant evidence.
21

22         To prove a due process claim based upon false information used in sentencing, the

23 petitioner must establish (1) that there was false or unreliable information in the PSR and (2)

24 that the judge relied upon such information as the basis for the sentence. *United States v.*

25 *Ching,* 682 F.2d 799, 801 (9th Cir. 1982).  Petitioner contends that she objected to the PSR

26 numerous times, but that counsel would not formally present those objections in court.  Dkt.

No. 1 at 22-23.  Although petitioner asserts that the PSR "contained several factual

REPORT AND RECOMMENDATION
PAGE -7

01 inaccuracies" and that counsel never notified the court of those discrepancies, petitioner has

02 failed to identify any alleged inaccuracies to this Court.  Dkt. No. 1 at 22.

03          In addition, petitioner's counsel appears to have changed some information in the PSR

04 as evidenced by his April 26, 2004 memorandum, which states that he and petitioner reviewed

05 the PSR and "[a]ll necessary corrections and additions were submitted to probation and

06 incorporated in the supplemental."  Case No. CR03-135-TSZ, Dkt. No. 156.  He further

07 submitted that he and petitioner agreed with the PSR "in all essential respects."  *Id.*  At the

08 time of sentencing, petitioner addressed the court before sentence was imposed and chose not

09 notify the court of any of the alleged inaccuracies in the PSR.  Case No. CR03-135-TSZ, Dkt.

10 No. 180, p. 9-10.

11          Finally, it appears that the PSR and Plea Agreement contained essentially the same

12 information regarding penalties.  The Sentencing Judge noted that he was relying on the PSR

13 and counsel's accompanying memorandum and that the guideline range was a net level twenty-

14 nine, yielding a sentence of eighty-seven to one hundred eight months incarceration.  Case No.

15 CR03-TSZ, Dkt. No. 180 at 4-6.  This is the same range noted in petitioner's Plea Agreement.

16 Case No. CR03-TSZ, Dkt. No. 63 at 2.  As the petitioner knowingly and intelligently agreed to

17 this sentencing range in her Plea Agreement, she cannot now state that the judge did not

18 consider all relevant evidence.

19          Because petitioner was represented by competent counsel, because she knowingly and

20 intelligently entered into her Plea Agreement, and because the sentencing judge relied on

21 information in the PSR that was commensurate with information contained in the Plea

22 Agreement, she cannot succeed on her ineffective assistance of counsel claim.  Therefore, her

23 second claim should be dismissed.

24

25

26

REPORT AND RECOMMENDATION
PAGE -8

01                                CONCLUSION

02          For the reasons set forth above, petitioner's § 2255 motion should be DENIED.  A

03   proposed order accompanies this Report and Recommendation.

04          DATED this 17th day of November, 2005.

05                                            *James P. Donohue*

06                                            JAMES P. DONOHUE
07                                            United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -9